IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN R. GOLDEN,<br><br>                          Plaintiff,<br><br>v.<br><br>HALLCON CORPORATION,<br><br>                          Defendant. | Case No. 25-CV-2775-EFM-TJJ |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Hallcon Corporation's Motion to Stay All Deadlines Pending Ruling of Hallcon's Motion to Enforce Settlement (ECF No. 8) ("Motion to Stay"). Defendant filed the Motion on January 30, 2026. Plaintiff did not file a response. For the reasons explained below, the Court will grant the Motion.

Plaintiff was hired as a driver by Defendant in January 2019. Plaintiff filed this action on December 30, 2025 alleging employment discrimination. Plaintiff filed a prior employment discrimination suit against Defendant in this Court, titled *Kevin Golden v. Hallcon Corporation*, 2:25-cv-02179-JWB-ADM ("Hallcon I"). On January 30, 2026, counsel for Defendant entered his appearance in this action and filed a Motion to Enforce Settlement (ECF No. 7). Defendant's Motion to Enforce Settlement alleges on November 10, 2025, Plaintiff and Defendant reached a settlement to resolve Hallcon I, and Plaintiff accepted the terms of the settlement. Defendant further alleges Plaintiff then refused to honor the parties' settlement agreement. Defendant's Motion to Enforce Settlement also requests the Court dismiss this action, as it would be barred should the Court find the parties executed a binding settlement in Hallcon I. On January 30, 2026,

1

Defendant also filed the present Motion to Stay, requesting the Court stay all pretrial deadlines pending the resolution of the Motion to Enforce Settlement. Plaintiff failed to file a timely response to the Motion to Stay.

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] A stay is not favored because it can delay the timely resolution of a matter.[4] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[5]

There are, however, recognized exceptions to this general rule.[6] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[2] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[5] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[6] *Id.*; *Tennant v. Miller,* No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[7] If any one of these factors is present, a stay may be appropriate.[8]

The Court finds, under the circumstances presented here, a stay is appropriate and necessary because discovery at this stage of the proceedings on the issues raised in the Complaint would be wasteful and burdensome. Though a motion to enforce settlement is typically not a dispositive motion, Defendant requests the Court dismiss this matter if the Court finds the parties entered into a binding settlement agreement. A ruling on the Motion to Enforce Settlement could conclude the matter in its entirety. Therefore, ruling on the Motion to Enforce Settlement could affect, or even obviate, the need for discovery in this matter. Finally, Plaintiff has already filed his response to the Defendant's Motion to Enforce Settlement and does not argue any discovery is necessary to fully respond. Therefore, the Court finds the above-listed factors weigh in favor of staying all pretrial proceedings in this matter pending the District Judge's ruling on Defendant's Motion to Enforce Settlement.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay All Deadlines Pending Ruling of Hallcon's Motion to Enforce Settlement (ECF No. 8) is GRANTED.

**IT IS FURTHER ORDERED** the defense counsel shall contact the undersigned within five (5) days of the District Judge's ruling on the Motion to Enforce Settlement to schedule a status conference.

**IT IS SO ORDERED.**

---

[7] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc*., No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ*., No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[8] *Wolf*, 157 F.R.D. at 495.

Dated February 27, 2026, at Kansas City, Kansas.

                                                          */s/ Teresa J. James*
                                                          Teresa J. James
                                                          U. S. Magistrate Judge